UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

CWAME TAYLOR,

                                          Plaintiff,

              -against-

CITY OF NEW YORK, RUDY ANZALONE, Individually,
TAO CHEN, Individually, CHRISTOPHER PARCO,
Individually, MATTHEW MITCHELL, Individually,
JOSEPH ARNONE, Individually, ROBERT WOODHOUSE,
Individually, NANCY CIRIGLIANO, Individually,
RAYMOND RODRIGUEZ, Individually, ANTHONY ALFANO,
CHRISTOPHER BRUNO, individually, JAMES CASALE,
Individually, SALVATORE CORULLA, Individually,
MICHAEL SMITH, Individually, JON MICHAEL RAGGI, and
JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                          Defendants.

-------------------------------------------------------------------------------X

**AMENDED**
**COMPLAINT**

12 CV 5634
(SLT) (RLM)

<u>Jury Trial Demanded</u>

Plaintiff CWAME TAYLOR, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## **JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff CWAME TAYLOR is a twenty-three year old African-American man and resident of the State of New York, County of Richmond.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants RUDY ANZALONE, TAO CHEN, CHRISTOPHER PARCO, MATTHEW MITCHELL, JOSEPH ARNONE, ROBERT WOODHOUSE, NANCY CIRIGLIANO, RAYMOND RODRIGUEZ, ANTHONY ALFANO, CHRISTOPHER BRUNO, JAMES CASALE, SALVATORE CORULLA, MICHAEL SMITH, JON MICHAEL RAGGI and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of

2

said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On August 17, 2011, at approximately 4:00 p.m., plaintiff CWAME TAYLOR was lawfully present in the rear of 197 Gordon Street, Staten Island, New York, when defendant officers RUDY ANZALONE and CHRISTOPHER PARCO, stopped, detained, and questioned plaintiff without justification.

13. Defendant officers ANZALONE and PARCO unlawfully grabbed plaintiff, punched plaintiff in the face, and ripped his shirt.

14. Fearful for his safety, plaintiff left the location and went to a friend's apartment located at 51 Hill Street, Staten Island, New York.

15. At approximately 7:00 p.m., defendant officers believed to include ANZALONE, PARCO, MATTHEW MITCHELL, JOSEPH ARNONE, ROBERT WOODHOUSE, NANCY CIRIGLIANO, RAYMOND RODRIGUEZ, ANTHONY ALFANO, CHRISTOPHER BRUNO, JAMES CASALE, SALVATORE CORULLA, MICHAEL SMITH, and JON MICHAEL RAGGI, unlawfully, and without permission, entered 51 Hill Street with their guns drawn. The defendant officers did not have a warrant for the apartment or for plaintiff's arrest.

3

16. Inside of the apartment, plaintiff was again assaulted and battered by defendant NYPD officers who punched plaintiff in the head and face, and kneed him in the neck, head and back, while the defendants who were present stood by and failed to intervene, despite an affirmative obligation to do so.

17. Plaintiff was handcuffed and escorted out of the apartment.

18. As plaintiff was escorted to a police vehicle, defendant officers caused plaintiff to fall to the ground and strike his face on the ground on two occasions.

19. Defendants ANZALONE, PARCO, MITCHELL, ARNONE, WOODHOUSE, CIRIGLIANO, RODRIGUEZ, ALFANO, BRUNO, CASALE, CORULLA, SMITH, and RAGGI either directly participated in assaulting, battering, and handcuffing plaintiff, or stood by and watched plaintiff be assaulted, battered, and handcuffed and failed to intervene in the improper conduct occurring in their presence, despite meaningful opportunities to intercede.

20. Plaintiff was imprisoned in a police vehicle and transported to the 120th Police Precinct.

21. After a period of time, plaintiff was transported in police custody to Richmond University Medical Center, where he received treatment for the injuries arising from the above described actions of the defendant officers.

22. After receiving treatment, plaintiff was again imprisoned in the 120th Police Precinct.

23. Plaintiff was imprisoned until the following day at approximately 11:00 a.m., when plaintiff was released without any charges being lodged against him, after the Richmond County District Attorney's office declined prosecution of all purported charges against plaintiff on the grounds that the purported conduct attributed to plaintiff by the defendants was not

unlawful.

24.    Defendants TAO CHEN, MITCHELL, CIRIGLIANO, and ALFANO, held supervisory ranks and supervised defendants ANZALONE, PARCO, ARNONE, WOODHOUSE, RODRIGUEZ, BRUNO, CASALE, CORULLA, SMITH, RAGGI, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the use of force, false arrest, and unlawful imprisonment of plaintiff.

25.    Defendants CHEN, MITCHELL, CIRIGLIANO, ALFANO, ANZALONE, PARCO, ARNONE, WOODHOUSE, RODRIGUEZ, BRUNO, CASALE, CORULLA, SMITH, RAGGI, and JOHN and JANE DOE 1 through 10, either participated in and/or failed to intervene in the continued imprisonment of plaintiff.

26.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, due to discrimination against plaintiff due to his race and/or nationality, and due to a *de facto* custom or practice of falsification.

27.    The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the requirements to stop, detain, and arrest individuals and in the use of force against individuals; and that many officers engage in a practice of falsification.

28.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW

YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

29.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

30.    As a result of the foregoing, plaintiff CWAME TAYLOR sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

31.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

33.    All of the aforementioned acts deprived plaintiff CWAME TAYLOR, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

34.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

attendant thereto, and with the intent to discriminate on the basis of race.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37.     As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants arrested plaintiff CWAME TAYLOR without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

40.     Defendants caused plaintiff CWAME TAYLOR to be falsely arrested.

41.     As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

42.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.   The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff CWAME TAYLOR'S constitutional rights.

44.   As a result of the aforementioned conduct of defendants, plaintiff CWAME TAYLOR was subjected to excessive force and sustained physical pain and suffering and emotional injuries.

45.   As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

46.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.   Defendants had an affirmative duty to intervene on behalf of plaintiff CWAME TAYLOR, whose constitutional rights were being violated in their presence by other officers.

48.   The defendants failed to intervene to prevent the unlawful conduct described herein.

49.   As a result of the foregoing, plaintiff CWAME TAYLOR'S liberty was restricted for an extended period of time, he was put in fear of his safety, he was humiliated and subjected

8

to excessive force.

50.    As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

51.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.    The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

53.    As a result of the foregoing, plaintiff CWAME TAYLOR was deprived of his liberty and right to substantive due process, causing emotional and physical pain and suffering.

54.    As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

55.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.    The defendants falsely arrested and subjected plaintiff CWAME TAYLOR to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to

intervene to prevent such treatment committed in their presence by other NYPD officers.

57.     As a result of the foregoing, plaintiff CWAME TAYLOR was deprived of his rights under the Equal Protection Clause of the United States Constitution.

58.     As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

61.     As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

64. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: engaging in falsification; falsely arresting individuals for trespassing without properly investigating the circumstances of the individuals' presence in a location; using excessive force against individuals; falsely arresting individuals in the absence of probable cause; and inadequate screening, hiring, retaining, training and supervising its employees.

65. The aforementioned customs, polices, usages, practices, procedures and rules of the New York City Police Department were the moving force behind the violation of plaintiff CWAME TAYLOR'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CWAME TAYLOR.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CWAME TAYLOR as alleged herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff CWAME TAYLOR as alleged herein.

69. As a result of the foregoing customs, policies, usages, practices, procedures and

rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff CWAME TAYLOR was unlawfully arrested and subjected to excessive force.

70. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CWAME TAYLOR'S constitutional rights.

71. All of the foregoing acts by defendants deprived plaintiff CWAME TAYLOR of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest/unlawful imprisonment;

    C.    To be free from excessive force;

    D.    To be free from the failure to intervene; and

    E.    To receive equal protection under law.

72. As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

75. The CITY OF NEW YORK has wholly neglected or refused to make an

12

adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

76.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

77.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

78.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

79.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.    Defendants arrested plaintiff CWAME TAYLOR without probable cause.

81.    Plaintiff was detained against his will for an extended period of time.

82.    As a result of the aforementioned conduct, plaintiff CWAME TAYLOR was unlawfully imprisoned in violation of the laws of the State of New York.

83.    As a result of the aforementioned conduct, plaintiff CWAME TAYLOR suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

84.    As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

13

## AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

85.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.   As a result of the foregoing, plaintiff CWAME TAYLOR was placed in apprehension of imminent harmful and offensive bodily contact.

87.   As a result of defendant's conduct, plaintiff CWAME TAYLOR has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

88.   As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

89.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.   Defendants made offensive contact with plaintiff without privilege or consent.

91.   As a result of defendant's conduct, plaintiff CWAME TAYLOR has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

92.   As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

93.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

95.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

96.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

97.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff CWAME TAYLOR.

98.     As a result of the aforementioned conduct, plaintiff CWAME TAYLOR suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

99.     As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

100.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "99" with the same force and effect as if fully set forth herein.

15

101. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff CWAME TAYLOR

102. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

103. As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

104. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff CWAME TAYLOR.

106. As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

107. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

109. As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

110. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

112. As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

17

attorneys' fees, costs and disbursements of this action.

113.    As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

114.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    As a result of defendants' conduct, plaintiff CWAME TAYLOR was deprived of his right to equal protection of laws.

116.    As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A EIGHTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

117.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    As a result of defendants' conduct, plaintiff CWAME TAYLOR was deprived of his right to security against unreasonable searches, seizures, and interceptions.

119.    As a result of the foregoing, plaintiff CWAME TAYLOR is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff CWAME TAYLOR demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      July 29, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff CWAME TAYLOR
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
     BRETT H. KLEIN (BK4744)

19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X

CWAME TAYLOR,

                                    Plaintiff,

        -against-

CITY OF NEW YORK, RUDY ANZALONE, Individually,
TAO CHEN, Individually, CHRISTOPHER PARCO,
Individually, MATTHEW MITCHELL, Individually,
JOSEPH ARNONE, Individually, ROBERT WOODHOUSE,
Individually, NANCY CIRIGLIANO, Individually,
RAYMOND RODRIGUEZ, Individually, ANTHONY ALFANO,
CHRISTOPHER BRUNO, individually, JAMES CASALE,
Individually, SALVATORE CORULLA, Individually,
MICHAEL SMITH, Individually, JON MICHAEL RAGGI, and
JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                    Defendants.

--------------------------------------------------------------------------------X

12 CV 5643
(SLT) (RLM)

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100